WILLIAM SOKOBIN ET AL., TRADING AS R. SOKOBIN & SONS, APPELLANTS, v. BENJAMIN ORNSTEIN ET AL., INDIVIDUALLY AND TRADING AS ORNSTEIN BROTHERS, RESPONDENTS.

Submitted May 29, 1931—Decided February 1, 1932.

For the appellants, *Irving W. Teeple.*

For the respondents, *Louis L. Feinseth.*

The opinion of the Court was delivered by

CAMPBELL, J.  This is an appeal from a judgment of nonsuit.

Appellants file three grounds for reversal.

These may be reduced to two, namely, error in excluding the stenographic record of the examination of the plaintiff William Sokobin before a commissioner of this court under an order for that purpose, touching the truth of the matters set forth by him in an affidavit under which a *cpaias ad respondendum* had issued in this cause; the said plaintiff William Sokobin, having died between the date of commence-

ment of the action and the time of trial. The second ground for reversal is that the trial court erred in directing the judgment of nonsuit for the reason that there were proofs supporting appellants' cause of action requiring the submission thereof to the jury.

We conclude that the first ground is without legal merit and the trial court did not err in refusing to receive the proffered evidence because the situation existing did not come within nor is it covered by sections 10 and 11 of the Evidence act (2 *Comp. Stat., pp.* 2223, 2224), or any other rule or authority to which our attention has been called.

But we do conclude that the second ground is well taken and substantial.

The complaint is in two counts; the first charging fraud and the second alleging a parol contract with the respondents for the work and materials and that they were furnished and delivered to them.

The first count probably fell because of inability to produce proof of fraud.

As to the second count, however, there was proof of a contract with the respondents and of the furnishing and delivering to them of the work and materials.

It is true that the books of the appellants' showed that the work and materials in question had been charged to the Salem Construction Company, but that necessarily did not stamp as totally untrue the other proofs. At best it raised a question to be passed upon by the jury, and it was, therefore, error to nonsuit.

For such error the judgment below is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.