ROSE STAMMELMAN, PLAINTIFF-RESPONDENT, v. INTERSTATE COMPANY, A CORPORATION OF THE STATE OF DELAWARE, DEFENDANT-APPELLANT.

Submitted October 27, 1933—Decided February 2, 1934.

For the appellant, *Donald Lewis* (*Charles H. Meyer*, of the New York bar, on the brief).

For the respondent, *Maurice C. Brigadier*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of the Supreme Court affirming a judgment of the District Court.

The action was to recover rent for the months of April and May, 1932, under a certain lease, in writing, dated November 13th, 1928, for a term of ten years, commencing January 1st, 1929, and ending December 31st, 1938.

The state of demand based the right of recovery of plaintiff-respondent upon this lease.

The defense was that this lease was void under the statute of frauds, being for a term exceeding three years, and executed by the vice-president of the appellant corporation, act-

ing in the capacity of its agent, and without authorization in writing. This contention was countered and attempted to be overcome by proofs said to show ratification.

This appears to have been the principal issue raised, considered and tried in the District Court and resulted in a finding by the trial judge, sitting without a jury, in favor of the plaintiff in that court, and evidenced by a judgment in favor of that party.

In reviewing this judgment upon appeal it appears that the Supreme Court had before it two grounds urged for reversal, namely: (a) that there was no competent proof before the trial court warranting a finding by that court that there was a ratification of the lease in question by the corporate appellant.

(b) That the plaintiff below could not maintain the action because the original lessor had no title to the property which he could make the subject of a lease, and if he had there was no proper assignment of the lease to the plaintiff.

Upon this latter ground the Supreme Court found against the appellant, and, we conclude, properly so, and we are content with such finding and for the reasons expressed in the opinion of that court.

As to the first of these grounds the Supreme Court also found against the appellant, holding that there had been a ratification of the lease by the appellant.

In this respect we find that the court below fell into error which calls for a reversal of the judgment of that court and, consequently, that of the District Court.

The lease was executed by one Aymar, a vice-president of the appellant, and, on its face, was regularly and properly executed.

The proofs show that Aymar, in the absence of the president, had that officer's powers and duties and that at the time of the execution of the lease the president was absent in California.

Under section 2 of the by-laws of the corporation the president had the following powers only: "* * * He may sign and execute all *authorized* bonds, contracts or other obli-

gations in the name of the corporation * * *." Therefore, the president had no power to execute the lease in question and bind the corporation unless so authorized by formal action of its board of directors, and, consequently, Aymar, as vice-president, had no greater power or authority. Concededly there was no such authority. There was no proof by the minutes of the board of directors or otherwise that any such authority had been bestowed upon the president, vice-president, or any other agent of the corporation.

It must be conceded, therefore, that the execution of the lease was initially without authority, and never was the contract of the appellant-lessee unless the act of its vice-president, Aymar, was ratified.

We concede, as a general proposition, the correctness of the principle laid down by the Supreme Court upon this point, namely: "Ordinarily the ratification of an unauthorized act must be in the particular mode, or form necessary to confer authority to perform it in the first instance (21 $R$. $C$. $L$. 924, § 103), which, if applicable to the present case, means that a ratification of Aymar's act to be binding, should be in writing." In further support of this principle the Supreme Court cites *Gulick and Holmes* v. *Grover*, 33 *N. J. L.* 463, 471; *Spencer Heating Co.* v. *Abbott*, 91 *Id.* 594; *Clement* v. *Young-McShea Amusement Co.*, 70 *N. J. Eq.* 677, 683.

Undoubtedly, from these authorities, it must be said that a corporation can be bound, through ratification, by the unauthorized acts of its agents, but, the rule is "ratification proceeds upon the theory that there was no previous authority and acts as a substitute for such authority. Accordingly the general rule is that whatever form of authorization would have been sufficient to clothe the agent with original authority to do an act will be sufficient to constitute a ratification of such act when done without previous authority; and, conversely, that whenever the law requires a particular mode of authorization there can be no valid ratification except in the same manner * * *. Where the original authority to an agent to execute an act must be in writing, the ratification

of the act done without authority must, in the absence of some element of equitable estoppel, be in writing and the same principle applies to acts which could be authorized by a municipality only by ordinance or by a corporation only by resolution or vote." 2 *C. J.* 485, §§ 103, 106.

In the case before us there was no authority in any officer of the corporation, lessee, to execute and bind it by a lease of ten years (or any other term) except by the formal act and authority of its board of directors and the proofs do not show any such action either before or after the execution of the lease.

The acts and writings relied upon by the Supreme Court as making for ratification are not shown to have been done or made by officers and agents of the corporation duly and properly authorized and empowered by its board of directors to so act, and, therefore, cannot be looked to and relied upon as ratifying acts of the corporation.

We conclude, therefore, that from anything before us, there was nothing charging the appellant with ratification of the unathorized act of its vice-president in executing the lease.

We also find nothing of merit in the point that the appellant was equitably estopped.

This question is fully and elaborately dealt with in *Central Railroad Co.* v. *MacCartney,* 68 *N. J. L.* 165, 175, and in the case before us we can find no applicability of the rules therein laid down.

Again it is urged that inasmuch as the appellant-lessee entered into possession of the demised premises, continued such occupancy for a considerable length of time, and paid for such use and occupancy moneys amounting to the rent reserved under the lease, this amounted to a ratification. Not so. This has been definitely settled to the contrary by *Pfeiffer* v. *Peters,* 80 *N. J. L.* 661; *Sayre* v. *Roseville Motor Co.,* 85 *Id.* 10, and further that under such circumstances there are created tenancies at will only.

We conclude, therefore, that by such acts there was created a tenancy at will only; that there was no ratification; and that such tenancy at will because of the use and occupancy

continuing beyond one full year became, automatically, one from year to year; commencing January 1st, of each recurring year and continuing to December 31st, of that year.

We further find, aside from all other matters, that the attempt to surrender the demised premises under the notice of March 31st, 1932, was ineffective, and whatever, if any, the effect was of the attempt to terminate the tenancy by the notice dated July 1st, 1932, it could not affect the right of the plaintiff below to recover the rent for the months of April and May, 1932, which was the measure of the recovery by the judgment under review. Beyond this we are not called upon to express an opinion as to the effectiveness of such attempt to terminate the tenancy.

From the matters and proofs, as they appear before us, we reach the conclusion that there was no ratification of the lease; there was no equitable estoppel as against the appellant; the tenancy created, initially, was one at will which ripened into one which was yearly; that there was no binding, effective, surrender; and no termination of such yearly tenancy affecting the right to recover the rental for the months of April and May, 1932, as represented by the judgment of the District Court. Nevertheless that judgment cannot be saved by any action upon the part of this court. The state of demand, in the District Court, asserts the right to recover to be upon and under the lease. Coupled with the theory of ratification and estoppel as against the defendant-lessee, this was the issue presented and tried in the District Court. This was ineffective, as we have found and herein pointed out, and, therefore, the cause was not tried or decided upon any ground or theory found or suggested by us and consequently the judgment cannot be held by any amendment of the state of demand by this court.

In that respect the rule is: if the real question in controversy between the parties to an action appears to have been fully and fairly tried, and correctly settled, this court will not reverse for an objection which may be avoided by an amendment of the pleadings, but will, in such case, exercise the power of amendment. *Ware* v. *Millville,* 45 *N. J. L.* 177;

*Excelsior Electric Co.* v. *Sweet,* 57 *Id.* 224; 59 *Id.* 441. Conversely, an amendment will not be directed to bring about a reversal and a new trial upon a different issue. *Kent* v. *Phenix, &c.,* 69 *Id.* 532.

The judgment under review is, therefore, reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, PARKER, LLOYD, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 12.