McARDLE REAL ESTATE COMPANY, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MARGARET C. McGOWAN, DEFENDANT-APPELLANT.

Argued January 16, 1934—Decided May 18, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Aloysius McMahon.*

For the respondent, *Mark A. Sullivan.*

PER CURIAM.

Default judgments in these cases were opened in the trial court, and that action was reviewed here on *certiorari.* *McArdle Real Estate Co., Inc.,* v. *McGowan,* 109 *N. J. L.* 595; 163 *Atl. Rep.* 24. We upheld the action of the District Court in opening the defaults, and remanded the causes for trial on the merits. There were judgments for the plain-

tiff corporation, and these judgments are now before us on appeal.

When the second trial came on, the judge of the District Court ruled, over objection and exception, that the affidavit and lease submitted to the court at the first *ex parte* trial should stand as plaintiff's *prima facie* case at the second, and that defendant should go forward with her counter proofs. Defendant moved for a nonsuit, which was denied and exception entered. Defendant then proceeded with her case, the substantial element of which was the matter of insanity adverted to in our former opinion: and rested. Plaintiff's counsel on rebuttal called Frank E. McArdle, treasurer of plaintiff corporation, who testified to the preliminary negotiations with defendant leading up to the lease, conversations with her during her occupancy and after she left the premises described in the lease. It does not appear that he was cross-examined. Before he testified at all, defendant objected to his giving any testimony because of disqualification, and the objection was overruled. At the end of his testimony defendant moved to strike it all out as improper rebuttal; and the motion was denied. The sister of defendant was then sworn and testified in her behalf. A motion "for a directed verdict" was denied. (There was no jury.) The court later rendered a judgment in each case for the plaintiff.

We take up the points for appellant in the order in which they are presented in the brief.

The first is that there should have been a direction of verdict for defendant because there was no proof of the authority of Frank E. McArdle, treasurer of the plaintiff, to execute the written lease. We have difficulty in understanding how a verdict can be directed in a trial without jury; but treating the motion as a motion for judgment in favor of defendant for lack of any legal proof to support the plaintiff's claim, we think the motion was properly denied. The lease was not one which was required by the statute of frauds to be in writing, as in *Stammelman* v. *Interstate Co.*, 112 *N. J. L.* 342; 170 *Atl. Rep.* 595. It could be by parol. It is asserted that the paper is not under the corporate seal of the

corporation. We have no satisfactory proof of that. McArdle's testimony was challenged: first, for alleged disqualification of the witness, of which more presently; and again at the conclusion of his testimony, as improper rebuttal. This last objection came too late, after his testimony was concluded.

As to the disqualification of McArdle, defendant invoked sections 3 and 4 of the Evidence act. *Comp. Stat., p.* 2218. The proviso of section 3 is clearly inapplicable, because McArdle was not a party. Section 4, as amended in 1931 (*Pamph. L., p.* 305), brings in officers and employes of corporations, but only when those corporations are parties in a representative capacity—which is not this case. The objection for disqualification was therefore properly overruled. As to the authority of McArdle to negotiate and agree for the corporation we think it was plainly inferable from his testimony. The paper, whether valid or not as a sealed lease in point of execution, clearly represented the contract between the parties for a year's tenancy. Such a contract was valid if made by parol, and was binding on the defendant unless avoided by her insanity.

The second and third points may be treated together. They are, in effect, that it was error to hold that the *ex parte* affidavit received at the first trial was sufficient to establish a *prima facie* case on the second, and to refuse to compel plaintiff to establish its case in chief by testimony subject to cross-examination. We think that it was error to consider the original affidavit as *prima facie* proof, and to refuse to nonsuit. However, the testimony of McArdle on rebuttal was received without challenge until after it had been concluded, and perhaps cured the error arising from its omission in the first instance.

It is said that the written lease was not received in evidence; but the written stipulation of the parties expressly so treats it.

After the entry of the original judgments, and while the proceeding reviewed in 109 *N. J. L.* 595, was pending, application was made on behalf of defendant as a lunatic for

leave to mortgage lands to pay debts and liabilities, including the three judgments. Those judgments were vacated by the District Court on May 12th: the Court of Chancery authorized a mortgage May 14th. At the second trial of these cases (now under review), the trial court opened the hearing to receive the Chancery proceedings in evidence. They were objected to as immaterial and incompetent. We incline to think that they were both, and that they were also harmful as bringing in the extraneous element of an apparent recognition by the Court of Chancery of the claim involved in the present litigation as a valid debt of the defendant to be paid out of proceeds of the proposed mortgage. This error suffices in our judgment to work a reversal, and a remand for a new trial, which can then be conducted as it should be conducted, ignoring the *ex parte* affidavit, long since dead, and requiring plaintiff to prove its *prima facie* case by legal testimony and documentary evidence in the manner always pursued in a contested case.

It may be that the error in the opening of the second trial resulted from the fact that instead of following the language of our former opinion "to the end that the claims of the plaintiff for unpaid rent be tried and determined on their merits," the rule says "to be proceeded with in accordance with the judgment and the practice of said court." What we intended was that the cases should, after opening the defaults, be tried from the outset as contested cases, excluding all proof by affidavit unless consented to in open court or in writing.

Let the judgments be reversed and the causes remanded for a trial *de novo* at which plaintiff's case shall be presented in the ordinary way by the testimony of witnesses and other evidence cognizable at common law. Such new trial should be complete in itself and without the incorporation of evidence taken at any prior trial.