ROSE LUPINO, AN INFANT, BY HER NEXT FRIEND, ANTONIO LUPINO, AND ANTONIO LUPINO, INDIVIDUALLY, AND BENEDETTA LUPINO, PLAINTIFFS-RESPONDENTS, v. DOMINICK SESTANOVICH AND JOSEPH J. SESTANOVICH, DEFENDANTS; NINA M. MUSARRA, ADMINISTRATRIX OF THE ESTATE OF ANTHONY MUSARRA, DECEASED, DEFENDANT-APPELLANT.

Submitted February 15, 1935—Decided May 17, 1935.

For the plaintiffs-respondents, *Anthony P. LaPorta.*

For the defendants, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

For the defendant-appellant, *Mark Townsend, Jr.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment entered after a jury had returned a verdict favorable to the plaintiffs and against the defendants. A rule to show cause why the verdicts should not be set aside was allowed both defendants, one of whom, Sestanovich, urged that the verdicts were excessive, and the other, Nina Musarra, administratrix of the estate of Anthony Musarra, deceased, argued that the verdicts were against the weight of the evidence, and, further, that the amounts assessed as damages were excessive.

The trial court, after a consideration of these points, discharged both rules.

The appellant Sestanovich, on this appeal, relies on a single ground of reversal which challenges a ruling made by the trial judge, on a question of evidence, resulting in the overruling of the question asked. To this ruling of the court no exception was entered on the record. Therefore the matter does not afford this appellant a ground of appeal and the result is that as to this appellant the judgments are affirmed.

The appeal of the other appellant, Nina Musarra, administratrix, &c., is grounded on three points which will be treated in the order presented.

The first is that it was error on the part of the trial court to reject this appellant's offer in evidence of a transcript of testimony given by Anthony Musarra (now deceased and whose administratrix this appellant is) in a case which was tried in the Hudson County Circuit in November, 1933, in which said Musarra was one of the defendants and Antionetta Spinella et al., were plaintiffs. In that case the deceased, Musarra, had testified for the defense. That action had its origin in the accident, whence the present action arose. The court rejected the offered excerpt from the record of the testimony of Musarra in the case of Spinella et al. v. Musarra et al., and properly so. The present plaintiffs were not parties to that action, at the trial of which Musarra had testified, and of course had had no opportunity to cross-examine the witness. Again the issue may not have been the same but, however this last may be, for the other reasons stated, the

action of the court, in rejecting the testimony, was correct. Sections 10 and 11 of the Evidence act (2 *Comp. Slat., pp.* 2223, 2224), upon which this appellant seems to rely for a reversal, have no application.

The second ground urged for reversal is similar to the first. It appears that the case now under review had been partially tried before, on January 14th, 1934, to be exact. Musarra, now deceased, had been a witness and while he was giving testimony on his direct examination, death overtook him. Seemingly, he died on the witness stand. He had not yet been cross-examined by plaintiffs' counsel. A transcript of his incomplete testimony was offered. The trial court refused to receive it in evidence. In the brief of the appellant, the action of the court, in refusing to receive in evidence a transcript of this incomplete testimony, is argued as a ground of appeal. The point has no merit in any event but it will not be considered as a ground of appeal since no exception was entered on the record when the trial court rejected the testimony.

The third ground of appeal urged in the brief is possessed of the same weakness as the second. The trial court had permitted an amendment of the complaint. No exception was taken to this course at the time the amendment was permitted. As an afterthought, an exception was entered in the record. It was not timely done and cannot be considered a valid ground of appeal.

The judgments are therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.